IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARIO A. PEEPLES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION 11-00217-CG-B |
| | : | |
| MOBILE COUNTY DISTRICT | : | |
| ATTORNEY'S OFFICE, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed a self-styled Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B)and Local Rule 72.2(c)(1).[1] Because Plaintiff requested and was granted permission to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court is required to screen the Complaint under 28 U.S.C. § 1915(e)(2)(B). <u>Troville v. Venz</u>, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).[2] After

---

[1]Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters to a Magistrate Judge.

[2]Section 1915(e)(2)(B) provides:

    (2) Notwithstanding any filing fee, or any
    portion thereof, that may have been paid,

(Continued)

1

screening the Complaint, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. Complaint. (Doc. 1).

The sole Defendant named in Plaintiff's very brief Complaint is the Mobile County District Attorney's Office. Plaintiff complains that he was "falsely imprisoned" at the Mobile County Metro Jail and Taylor Hardin Secure Medical Facility from February, 2008 to February 23, 2010, the date on which he entered four, "best-interests" guilty pleas, even though he proclaimed his innocence prior to entering the guilty pleas. (Doc. 1 at 2). According to Plaintiff, during his incarceration, he was transferred back and forth between the two facilities. (Id.). For relief, Plaintiff requests to have his criminal convictions removed from his record and $290,000 in

---

> the court shall dismiss the case at any time
> if the court determines that --
>    (A) the allegation of poverty is
>   untrue; or
>    (B) the action or appeal -
>      (i) is frivolous or malicious;
>      (ii) fails to state a claim on
>     which relief may be granted; or
>      (iii) seeks monetary relief
>     against a defendant who is immune
>     from such relief.

damages for the "hardships experienced while [his] civil rights were being ignored during the false imprisonment." (Id.).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has

---

[3] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (quotation marks and second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 129 S.Ct. 1937.  Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

4

**III. Analysis.**

As noted supra, the only Defendant named in Plaintiff's Complaint is the Mobile County District Attorney's Office. This Office is deemed to be an agency of the State of Alabama inasmuch as it receives its funding from the State. Hooks v. Hitt, 539 So.2d 157, 159 (Ala. 1988) (holding that the district attorneys and their employees are "state employees whose salaries are funded by the state") (citing ALA. CODE § 12-7-182 (1975)); McMillian v. Monroe County, Ala., 520 U.S. 781, 790, 117 S.Ct. 1734, 1739, 138 L.Ed.2d 1 (1997) (observing that an Alabama district attorney is a state official); Hall v. Alabama, 2010 U.S. Dist. Lexis 14082, at *32(M.D. Ala. Jan. 19, 2010) (holding that the office of district attorney is an agency of state).

Because an Alabama district attorney's office is a state agency, when the office is sued, it is as if the State is sued. However, a lawsuit against the State or its agencies is barred by the Eleventh Amendment regardless of the relief requested. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); see U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign

5

State."). "Although the express language of the amendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990) (citing Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)).

The two exceptions to Eleventh Amendment immunity are if the State has waived its immunity or Congress has abrogated the State's immunity. Id. at 1524-25. Alabama, however, has not waived its Eleventh Amendment immunity. Id. at 1525; see Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057-58, 57 L.Ed.2d 1114 (1978) (Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore the State of Alabama was entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1429 (11th Cir. 1997) (ruling Alabama has not waived its Eleventh Amendment immunity). Nor has Congress in § 1983 abrogated a State's Eleventh Amendment immunity. Carr, 916 F.2d at 1525 (citing Quern v. Jordan, 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979)). Accordingly, the Mobile County District Attorney's Office is immune from being sued and the claims against it are frivolous as a matter of law.

Furthermore, "[a] successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added). The State and its arms, however, are not "persons" for the purpose of a § 1983 action. Will v. Michigan Dept. of State Police, 491 U.S. 58, 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); see Haywood v. Drown, ___U.S. ___, ___, 129 S.Ct. 2108, 2114 n.4, 173 L.Ed.2d 920 (2009) (affirming the Will decision). As an arm of the State of Alabama, the Mobile County District Attorney's Office is not a "person" that may be sued for § 1983 purposes. Therefore, Plaintiff's claims against the Mobile County District Attorney's Office are frivolous as a matter of law.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

7

DONE this **11th** day of **October, 2011**.

                                        **/s/ Sonja F. Bivins**_____
                                        **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

9

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this the **11th** day of **October, 2011**.

                                **/s/ Sonja F. Bivins**
                              **UNITED STATES MAGISTRATE JUDGE**